

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

Cause No.:     **3 - 24 CV - 3 3 5 - X**

FILED-USDC-NDTX-DA
'24 FEB 12 PM 4:17

BRADLEY B. MILLER,                    )
                                      )
    Plaintiff,                     )
                                      )
v.                                    )
                                      )
JOHN G. ROBERTS, JR., in his official capacity;    )
SAMUEL A. ALITO, JR., in his official capacity;    )
AMY CONEY BARRETT, in her official capacity;       )     INJUNCTIVE RELIEF
NEIL GORSUCH, in his official capacity;            )     REQUESTED
KETANJI BROWN JACKSON, in her official capacity;   )
ELENA KAGAN, in her official capacity;             )     JURY TRIAL DEMANDED
BRETT M. KAVANAUGH, in his official capacity;      )
SONIA SOTOMAYOR, in her official capacity; and     )
CLARENCE THOMAS, in his official capacity,         )
                                      )
    Defendants.                    )
                                      )

## Verified Complaint for Declaratory Judgment

"Congress shall make no law respecting an establishment of religion, or
prohibiting the free exercise thereof; or abridging the freedom of speech,
or of the press; or the right of the people peaceably to assemble, and to
petition the Government for a redress of grievances."

—First Amendment, United States Constitution

Plaintiff Bradley B. Miller files this complaint for Declaratory Judgment,
and Preliminary and Permanent Injunctive Relief. In support, Plaintiff alleges the
following:

VERIFIED COMPLAINT                    1

## Introduction

1.    This action arises out of the unlawful, repeated, willful, and ongoing deprivation of Plaintiff's First Amendment right to petition government for redress of grievances and his Fourteenth Amendment rights to Due Process and Equal Treatment.  Shockingly, these constitutional violations have been committed by the Justices of the Supreme Court of the United States—whose foremost duty is to uphold the federal Constitution.

2.    In 2022 and 2023, the U.S. Supreme Court dismissed Plaintiff's petitions for writ of certiorari under a SCOTUS local rule that allows our nation's highest court to deny a litigant's motion to proceed *in forma pauperis* if a petition is deemed to be "malicious or frivolous".   *See* SCOTUS Rule 39.8.  Non-indigent litigants are not subject to this preliminary hurdle.  SCOTUS has also barred Plaintiff's future petitions unless he first pays the court's filing fee—which he cannot afford.

## Jurisdiction

3.    This Court has subject-matter jurisdiction under 28 U.S.C. §§ 2201 and 2022, as governed by Federal Rules of Civil Procedure Rule 57, because Plaintiff seeks declaratory judgment regarding a justiciable controversy.  *See Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688, 699 (1936).  This Court also has subject-matter jurisdiction under 28 U.S.C. §§

1331 and 1343(a)(1)–(4) because this case arises under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and the First and Fourteenth Amendments to the United States Constitution, i.e. because this is an Article III court.   This Court has further jurisdiction under 42 U.S.C. §§ 1988(a) and 1988(b).   This Court also has jurisdiction under 42 U.S.C. § 1332 because plaintiff and Defendants are citizens of different states.  At all relevant times, Plaintiff Miller has resided in the State of Texas.  SCOTUS Justices John G. Roberts, Jr., Samuel A. Alito, Jr., Amy Coney Barrett, Neil Gorsuch, Ketanji Brown Jackson, Elena Kagan, Brett M. Kavanaugh, Sonia Sotomayor, and Clarence Thomas have resided and/or performed their official duties in The District of Columbia and have acted under the authority of the laws and Constitution of The United States of America.   The Court has supplemental jurisdiction over any potential related claims under 28 U.S.C. § 1367.

4.   An actual controversy exists between the parties involving substantial constitutional issues in that the challenged Rule, on its face and as applied, violates the First and Fourteenth Amendments.  In addition, Plaintiff's recent case in the Supreme Court of Texas (case no. 23-0743) was dismissed on November 17, 2023, and the deadline for appeal to SCOTUS is February 15, 2024—just three days from now.  His ability to file an appeal in the U.S. Supreme Court is thus currently in jeopardy, as is his ability to file any other future SCOTUS appeals.

## Venue

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.   Venue is also proper in this Court under 28 U.S.C. § 1391(e)(1)(c) because this is an action in which the Defendants are officers of the United States, the Plaintiff resides in this judicial district, and no real property is involved.

## Parties

6.     Plaintiff Bradley B. Miller (hereinafter "Miller") is an adult citizen and resident of the City of Dallas, Dallas County, State of Texas, United States of America, and a taxpayer of all four (4) said government entities.   By filing this Complaint, he avails himself of this Court's jurisdiction and venue.

7.     Defendant John G. Roberts is sued in his official capacity as Chief Justice of The Supreme Court of the United States.   He assumed office on September 29, 2005.   He may be served at The United States Supreme Court Building, 1 First Street, NE, Washington, DC 20543.

8.     Defendant Samuel A. Alito is sued in his official capacity as Associate Justice of The Supreme Court of the United States.   He assumed office on January 31, 2006.   He may be served at The United States Supreme Court Building, 1 First Street, NE, Washington, DC 20543.

VERIFIED COMPLAINT                 4

9.    Defendant Amy Coney Barrett is sued in her official capacity as Associate Justice of The Supreme Court of the United States.  She assumed office on October 27, 2020.  She may be served at The United States Supreme Court Building, 1 First Street, NE, Washington, DC 20543.

10.    Defendant Neil Gorsuch is sued in his official capacity as Associate Justice of The Supreme Court of the United States.  He assumed office on April 10, 2017.  He may be served at The United States Supreme Court Building, 1 First Street, NE, Washington, DC 20543.

11.    Defendant Ketanji Brown Jackson is sued in her official capacity as Associate Justice of The Supreme Court of the United States.  She assumed office on June 30, 2022.  She may be served at The United States Supreme Court Building, 1 First Street, NE, Washington, DC 20543.

12.    Defendant Elena Kagan is sued in her official capacity as Associate Justice of The Supreme Court of the United States.  She assumed office on August 7, 2010.  She may be served at The United States Supreme Court Building, 1 First Street, NE, Washington, DC 20543.

13.    Defendant Brett M. Kavanaugh is sued in his official capacity as Associate Justice of The Supreme Court of the United States.  He assumed office on October 6, 2018.  He may be served at The United States Supreme Court Building, 1 First Street, NE, Washington, DC 20543.

VERIFIED COMPLAINT                    5

14.     Defendant Sonia Sotomayor is sued in her official capacity as Associate Justice of The Supreme Court of the United States.  She assumed office on August 8, 2009.  She may be served at The United States Supreme Court Building, 1 First Street, NE, Washington, DC 20543.

15.     Defendant Clarence Thomas is sued in his official capacity as Associate Justice of The Supreme Court of the United States.  He assumed office on October 23, 1991.  He may be served at The United States Supreme Court Building, 1 First Street, NE, Washington, DC 20543.

### Factual Background

3.      On six occasions, Plaintiff has brought petitions for writ of certiorari to the Supreme Court of the United States.  The relevant SCOTUS case numbers are 16-9012, 17-6836, 18-7450, 20-6965, 22-5041, and 22-6544.  In each of these petitions, Plaintiff complained of egregious, intentional, and systematic violations of his fundamental constitutional rights by state actors and others acting in conspiracy with them.  [**Incorporation Notice**:  Plaintiff incorporates all sections of the petitions filed in these six cases as if fully set forth herein.]  SCOTUS denied hearing in all of Plaintiff's six cases.

4.      In his SCOTUS petitions, Plaintiff asserted that he has been, and is still being, affirmatively denied basic constitutional rights to at least: (A) freedom of speech and assembly; (B) the right to parent his child; (C) due process; (D) fair and

competent tribunals; (E) reasonable notice and opportunity to be heard; (F) fair and lawful use in civil prosecution and defense of relevant and material evidence and of applicable statutory, rule, and case law authorities; and (G) liberty and property protections.  As a result of blatantly illegal actions by two Dallas County Family Court judges, Miller has not had custody of or even spoken to his daughter since 2018, and he has been subject to a grossly unconstitutional gag order since 2015—despite multiple appeals.  These concerns are clearly anything but frivolous.

5.      Plaintiff currently has a suit pending before this Court (NDTX case no. 3:20-CV-759, filed March 31, 2020) in which he complains of many of the above-mentioned violations of his constitutional rights.  [**Incorporation Notice**:  Plaintiff incorporates all sections of his 2020 Federal Complaint as if fully set forth herein.]

6.      Plaintiff is proceeding under a Motion to Proceed *In Forma Pauperis* in NDTX case no. 3:20-CV-759 (i.e. in this Court).  Miller has filed a Motion to Proceed *In Forma Pauperis* in every case he has brought to SCOTUS.

7.      In the last two cases Plaintiff has filed in The Supreme Court of the United States, i.e. case nos. 22-5041 and 22-6544, SCOTUS has denied Miller's motion to proceed *in forma pauperis* and dismissed Miller's petitions under SCOTUS Rule 39.8.  Rule 39.8 allows SCOTUS to deny a petitioner's motion to proceed *in forma pauperis* if it finds—without submitting the petition to conference—that a petition is "frivolous or malicious".  SCOTUS Rule 39.8.  [The

Supreme Court's dismissal letter in case no. 22-5041 is attached as **EXHIBIT "A"**. The Supreme Court's dismissal letter in case no. 22-6544 is attached as **EXHIBIT "B"**.]

8.      In the last case Miller filed in The Supreme Court of The United States, i.e. case no. 22-6544, SCOTUS not only denied Plaintiff's motion to proceed *in forma pauperis* and dismissed his case under SCOTUS Rule 39.8, it also instructed the Clerk "not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1." **EXHIBIT "B"**.

9.      The SCOTUS filing fee is $300.  SCOTUS Rule 38(a).  As has been established by Plaintiff's prior motions to proceed i*n forma pauperis* in both this Court and in SCOTUS, Miller is indigent and cannot afford to pay this filing fee.

10.      Further, petitions submitted to the U.S. Supreme Court under Rule 33.1 must be prepared in booklet format, i.e. bound by a professional printer.  *See* SCOTUS Rule 33.1, Rule 39.5.  On information and belief, Plaintiff is aware that the cost of preparing a bound petition for writ of certiorari currently exceeds $3,000—which is far beyond Plaintiff's financial means.

16.      SCOTUS' dismissal of Plaintiff's last two cases under Rule 39.8 and SCOTUS' refusal to allow Plaintiff to file future petitions without first paying a filing fee represents a clear violation of Plaintiff's First Amendment right "to

VERIFIED COMPLAINT                    8

petition the Government for a redress of grievances" and his Fourteenth Amendment rights to Due Process and Equal Treatment.

17.    Plaintiff recently filed a petition for review in The Supreme Court of Texas (SCOTX case no. 23-0743).  That petition was denied on November 17, 2023.  Thus the deadline for filing a petition for writ of certiorari in the U.S. Supreme Court is February 15, 2024.  Plaintiff is currently preparing that cert petition, and he plans to file it on or before that date.

18.    Ironically, Plaintiff's upcoming SCOTUS appeal (from SCOTX case no. 23-0743, Texas 5th District COA case no. 05-22-00090-CV, and Dallas County 134th Civil District Court case no. DC-21-14398) arises from a state district court's perfunctory dismissal of Plaintiff's 2021 suit for declaratory judgment regarding the invalidity of purported state court "orders" issued during a federal removal—despite the fact that Texas law explicitly authorizes such suits.

## **Legal Background**

19.    The First Amendment to the United States Constitution was ratified in 1791.  The First Amendment provides:

> "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const., Amd. I.

20.    The Fourteenth Amendment to the United States Constitution was ratified

in 1868. The Equal Treatment Clause of the Fourteenth Amendment provides:

> "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., Amd. XIV, Section 1.

21.     In 1907, The United States Supreme Court held that access to the courts is

a fundamental right:

> "The right to sue and defend in the courts is the alternative of force. In an organized society, it is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest and most essential privileges of citizenship, and must be allowed by each state to the citizens of all other states to the precise extent that it is allowed to its own citizens. Equality of treatment in this respect is not left to depend upon comity between the states, but is granted and protected by the federal Constitution." *Chambers v. Baltimore & Ohio R. Co.*, 207 U.S. 142 at 148 (1907).

22.     In 1966, the United States Supreme Court ruled poll taxes illegal: "A

State's conditioning of the right to vote on the payment of a fee or tax violates the

Equal Protection Clause of the Fourteenth Amendment." *Harper v. Virginia Bd. of*

*Elections*, 383 U.S. 663 (1966). The *Harper* ruling further stated:

> "We conclude that a State violates the Equal Protection Clause of the Fourteenth Amendment whenever it makes the affluence of the voter or payment of any fee an electoral standard. Voter qualifications have no relation to wealth nor to paying or not paying this or any other tax." *Id.* at 666.

And *Harper* elaborates:

> "The principle that denies the State the right to dilute a citizen's vote on account of his economic status or other such factors, by analogy, bars a system which excludes those unable to pay a fee to vote or who

VERIFIED COMPLAINT          10

fail to pay." *Id.* at 668.

The Supreme Court thus explicitly disallowed financial barriers for participating in the fundamental mechanism of our democracy.

23.    Shockingly, in the early 1970, the U.S. Supreme Court reversed course, deciding in a trio of clearly unconstitutional rulings that certain poor people who cannot afford to pay court filing fees can be denied access to the courts to seek resolution of their civil legal claims. *See Boddie v. Connecticut*, 401 U.S. 371, 382–83 (1971); *United States v. Kras*, 409 U.S. 434, 447 (1973); *Ortwein v. Schwab*, 410 U.S. 656, 659–60 (1973).

24.    Then, in 1991—in a brazen act of treason—the United States Supreme Court amended its Rule 39 to allow the denial of a motion to proceed *in forma pauperis* if the petition was deemed "frivolous or malicious", adding the following language:

> "39.8 If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ, as the case may be, is frivolous or malicious, the Court may deny a motion for leave to proceed in forma pauperis." *In re Amendment to Rule 39*, 500 U.S. 13 at 14 (1991).

As noted above, it was this Rule under which Plaintiff's last two SCOTUS cert petitions were dismissed.

25.    The SCOTUS ruling on Rule 39—issued by royal fiat—was preceded by two cases in which our nations highest court barred an indigent litigant future

access to that venue.  In the first, *In re McDonald*, Justice Brennan dissented,

admirably joined by Justices Marshall, Blackmun, and Stevens, stating:

> "In the first such act in its almost 200-year history, the Court today
> bars its door to a litigant prospectively. Jessie McDonald may well
> have abused his right to file petitions in this Court without payment of
> the docketing fee; the Court's order documents that fact. I do not
> agree, however, that he poses such a threat to the orderly
> administration of justice that we should embark on the unprecedented
> and dangerous course the Court charts today." *In re McDonald*, 489
> U.S. 180 at 185 (1989).

Justice Brennan goes on to call the *McDonald* ruling "of questionable legality",

and continues:

> "Even if the legality of our action in ordering the Clerk to refuse
> future petitions for extraordinary writs *in forma pauperis* from this
> litigant were beyond doubt, I would still oppose it as unwise,
> potentially dangerous, and a departure from the traditional principle
> that the door to this courthouse is open to all." *Id.* at 186.

Justice Brennan then concludes:

> "This Court annually receives hundreds of petitions, most but not all
> of them filed *in forma pauperis*, which raise no colorable legal claim
> whatever, much less a question worthy of the Court's review. Many
> come from individuals whose mental or emotional stability appears
> questionable. It does not take us long to identify these petitions as
> frivolous, and to reject them. A certain expenditure of resources is
> required, but it is not great in relation to our work as a whole. To rid
> itself of a small portion of this annoyance, the Court now needlessly
> departs from its generous tradition and improvidently sets sail on a
> journey whose landing point is uncertain. We have long boasted that
> our door is open to all. We can no longer." *Id.* at 188.

Justice Brennan also raises the well-founded fear that "we will end by closing our

doors to a litigant with a meritorious claim." *Id.* at 187. (And that is exactly what

VERIFIED COMPLAINT                    12

SCOTUS has done by denying Plaintiff's last two motions to proceed *in forma pauperis*—though Plaintiff asserts that SCOTUS is *intentionally* violating Plaintiff's constituently rights, not just incidentally.)   Not surprisingly, the *McDonald* ruling was issued *per curiam*, as no SCOTUS Justice had the guts to attach his or her name to this criminal screed.

26.   The second such case was *In re Sindram*, 498 U.S. 177 (1991).  Justice Brennan was no longer on the court, but once again Justice Marshall dissented, joined by Justices Blackmun, and Stevens.  Justice Marshall stated:

> "We receive countless frivolous *in forma pauperis* filings each year, and, as a practical matter, we identify and dispense with them with ease. Moreover, indigent litigants hardly corner the market on frivolous filings. We receive a fair share of frivolous filings from paying litigants. Indeed, I suspect that, because clever attorneys manage to package these filings so their lack of merit is not immediately apparent, we expend more time wading through frivolous paid filings than through frivolous *in forma pauperis* filings. To single out Sindram in response to a problem that cuts across all classes of litigants strikes me as unfair, discriminatory, and petty." *Id*. at 181

Justice Marshall also rightly pointed out the lack of legal authority for the sanction:

> "The Court's crackdown on Sindram's future filings for extraordinary writs is additionally disconcerting when one considers the total absence of any authority for the penalty the Court administers." *Id*.

And Justice Marshall concluded:

> 'Moreover, we should not presume in advance that prolific indigent litigants will never bring a meritorious claim. Nor should we lose sight of the important role *in forma pauperis* claims have played in shaping constitutional doctrine. *See, e.g., Gideon v. Wainwright*, 372 U. S. 335 (1963). As Justice Brennan warned, "if . . . we continue on

the course we chart today, we will end by closing our doors to a litigant with a meritorious claim." *In re McDonald*, *supra*, 489 U.S. at 489 U. S. 187. By closing our door today to a litigant like Michael Sindram, we run the unacceptable risk of impeding a future Clarence Earl Gideon. This risk becomes all the more unacceptable when it is generated by an ineffectual gesture that serves no realistic purpose other than conveying an unseemly message of hostility to indigent litigants.' *Id*. at 182.

In response to the court's egregiously errant ruling, Justice Blackmun, joined by

Justice Stevens, took the unusual step of writing his own dissent:

"I write separately simply to emphasize what seems to me to be the inappropriateness of the Court's action in this particular case. Even if one believes, as I do not, that this Court has the authority prospectively to deny leave for a litigant to proceed *in forma pauperis*, and in some instances the may be justified in doing so, I cannot conclude that such action is warranted in this case." *Id*. at 182-83.

But of course SCOTUS did prospectively deny future leave to proceed *in forma*

*pauperis* in *Sindram*; and of course this ruling was also issued *per curiam*.  A total

lack of accountability has become the hallmark of the American judiciary.

27.     Similarly, Justices Marshall, Stevens, and Blackmun dissented in the

subsequent 1991 SCOTUS ruling that amended Rule 39.  Justice Marshall rightly

observed that Rule 39.8 instituted abhorrently unequal standards for access to the

Supreme Court:

'This Court's rules now embrace an invidious distinction. Under the amendment adopted today, an indigent litigant may be denied a disposition on the merits of a petition for certiorari, jurisdictional statement, or petition for an extraordinary writ following a determination that the filing "is frivolous or malicious." Strikingly absent from this Court's rules is any similar provision permitting

dismissal of "frivolous or malicious" filings by paying litigants, even though paying litigants are a substantial source of these filings.

This Court once had a great tradition: "All men and women are entitled to their day in Court." That guarantee has now been conditioned on monetary worth. It now will read: "All men and women are entitled to their day in Court only if they have the means and the money."' *In re Amendment to Rule 39* at 14-15.

In his dissent, Justice Stevens wrote:

"In my opinion, it is neither necessary nor advisable to promulgate the foregoing amendment to Rule 39. During my years of service on the Court, I have not detected any significant burden on the Court, or threat to the integrity of its processes, caused by the filing of frivolous petitions. It is usually much easier to decide that a petition should be denied than to decide whether or not it is frivolous. Moreover, the cost of administering the amended Rule will probably exceed any tangible administrative saving. Transcending the clerical interest that supports the Rule is the symbolic interest in preserving equal access to the Court for both the rich and the poor. I believe the Court makes a serious mistake when it discounts the importance of that interest." *Id.* at 15.

28.     In the wake of the addition of SCOTUS Rule 39.8, two more cases followed in which the Rule was applied to bar indigent litigants from filing petitions.  These cases were *Zatko v. California*, 502 U.S. 16 (1991) and *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992).  In his dissent in *Martin*, Justice Stevens again emphasized:

"In my opinion the judicial resources of the Court could be used more effectively by simply denying Martin's petitions than by drafting, entering, and policing the order the Court enters today. The theoretical administrative benefit the Court may derive from an order of this kind is far outweighed by the shadow it casts on the great tradition of open access that characterized the Court's history prior to its unprecedented decisions in *In re McDonald*, 489 U. S. 180 (1989) (per curiam), and

*In re Sindram*, 498 U. S. 177 (1991) (per curiam)."

But the era of open access to the courts effectively ended at that time. Rule 39.8 has persisted, and it has at least been used to deny filing of a petition in the case *Attwood v. Singletary, Secretary, Florida Department of Corrections*, 516 U.S. 297 (1996). There is no way to track how many other indigent litigants have been barred access to the Supreme Court since then, because these cases are not docketed. Thus they are not assigned a case number; thus the submissions do not appear in SCOTUS court records; thus they simply vanish into the mist as if they never existed.

29. One peculiar—and shameful—aspect of the otherwise honorable dissenting opinions cited above is that *none* of them states the obvious: SCOTUS Rule 39.8 blatantly violates the First Amendment right to petition government for redress of grievances and the Fourteenth Amendment rights to Due Process and Equal Treatment. Rule 39.8 imposes an additional financial hurdle for indigent parties that well-off litigants do not encounter—which is clearly UNequal treatment. Preventing access to SCOTUS in this manner clearly violates Due Process, since indigent litigants have no way to file an appeal in the Supreme Court challenging an errant lower-court ruling. And this barrier just as clearly violates the right to petition government for redress of grievances, because an affected indigent litigant cannot even have a case docketed in our nation's highest court.

30.    Simply put, by instituting Rule 39.8, and by invoking it to deny Plaintiff's motion to proceed *in forma pauperis*, the United States Supreme Court has intentionally abrogated the Constitution.  The SCOTUS justices have effectively declared, "*L'État, c'est moi.*"

31.    Further, neither SCOTUS nor the lower courts involved in Plaintiff's cases have ever explained how his legal complaints regarding 1) being barred from custody of his daughter for six years—without any grounds whatsoever—and 2) being subject to a gag order for nine years can possibly be regarded as "frivolous" or "malicious".  These words are just specious eructations that the Supreme Court Justices employ as a shield while intentionally committing criminal constitutional violations, and while aiding and abetting similar crimes committed by judges in lower courts.  And by preventing the docketing of petitions that catalogue these crimes, SCOTUS ensures that no one will be able to look them up on the SCOTUS website—so the public will never even know that they were submitted.  This chicanery is what happens when criminals control the mechanism of justice.

32.    Plaintiff wishes to file his upcoming petition for writ of certiorari in The Supreme Court of the United States, but is prohibited from doing so by SCOTUS invocation of Rule 39.8 and its prohibition against Plaintiff's filing of future civil petitions unless he first pays the filing fee—which he cannot afford.

33.    Unless Defendants are enjoined from enforcing SCOTUS Rule 39.8 and

the ensuing order of March 20, 2023 (*see* EXHIBIT "B"), Plaintiff will continue to suffer irreparable harm to his federal constitutional rights.   This illegal and abhorrent state of affairs cannot be allowed continue.

### Judges have no Immunity from Suits for Declaratory Judgment.

34.   A judge may be sued under § 1983 for declaratory and injunctive relief. In *Pulliam v. Allen*, the United States Supreme Court held:

> "We conclude that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).

Pulliam also holds that judges "may be sued for injunctive and declaratory relief and held personally liable for money judgments in the form of costs and attorney's fees merely on the basis of erroneous judicial decisions." *Pulliam* at 544; *see also Id.* at 527.

### COUNT I – DECLARATORY JUDGMENT

35.   Plaintiff incorporates by reference all paragraphs *supra.*

36.   The First Amendment unequivocally guarantees the right to petition government for redress of grievances.   Defendants Roberts, Alito, Barrett, Gorsuch, Jackson, Kagan, Kavanaugh, Sotomayor, and Thomas have conspired to deprive Plaintiff of his right to petition government for redress of grievances by barring him from filing petitions for writ of certiorari in the United States Supreme Court without first paying as filing fee—which he cannot afford.

VERIFIED COMPLAINT                    18

37.    The Fourteenth Amendment guarantees Equal Treatment under the law. Defendants Roberts, Alito, Barrett, Gorsuch, Jackson, Kagan, Kavanaugh, Sotomayor, and Thomas have conspired to deprive Plaintiff of his right to Equal Treatment by requiring that Plaintiff, an indigent party, pay a filing fee before being allowed to file a civil petition in the U.S. Supreme Court, though he cannot afford to do so, and though wealthy litigants are not subject to the same initial financial barrier.

38.    The Fourteenth Amendment guarantees the right to Due Process. Defendants Roberts, Alito, Barrett, Gorsuch, Jackson, Kagan, Kavanaugh, Sotomayor, and Thomas have conspired to deprive Plaintiff of his right to Due Process by barring his access to the U.S. Supreme Court.  They have done so by denying Plaintiff's motions to proceed in forma pauperis and thereby dismissing Plaintiff's petitions without submitting them to the court, and by requiring that Plaintiff pay a filing fee before being allowed to file future civil petitions—which he cannot afford to do.  Thus Plaintiff has no available means to appeal to the Supreme Court.

39.    As a direct and proximate result of all Defendants' actions, Plaintiff's First and Fourteenth Amendment rights have been violated, and will continue to be violated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1) upon final hearing or trial, declare that United States Supreme Court Rule 39.8 is unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution;

2) upon final hearing or trial, declare that Defendants have violated Plaintiff's First and Fourteenth rights by denying his motions to proceed *in forma pauperis* in SCOTUS case nos. 22-5041, and 22-6544;

3) upon final hearing or trial, declare that Defendants have violated Plaintiff's First and Fourteenth rights by requiring him, an indigent party, to pay a filing fee before being allowed to file a civil petition in the United States Supreme Court, and by requiring him to submit a petition in bound booklet form;

4) upon final hearing or trial, issue appropriate injunctive and declaratory relief pursuant to F.R.Cv.P. Rules 57 and 65 and/or the same relief pursuant to and under 28 USC §§ 2201 and 2202, enjoining the Defendants from enforcing SCOTUS Rule 39.8;

5) upon final hearing or trial, issue appropriate injunctive and declaratory relief pursuant to F.R.Cv.P. Rules 57 and 65 and/or the same relief pursuant to and under 28 USC §§ 2201 and 2202, enjoining the Defendants

VERIFIED COMPLAINT                    20

from requiring Plaintiff or any indigent party to pay a filing fee before being allowed to file a civil petition in the United States Supreme Court, and from requiring Plaintiff or any indigent party to submit petitions in bound booklet form;

6) upon final hearing or trial, issue appropriate injunctive and declaratory relief pursuant to F.R.Cv.P. Rules 57 and 65 and/or the same relief pursuant to and under 28 USC §§ 2201 and 2202, compelling the Defendants to reverse the denial of Plaintiff's motions to proceed *in forma pauperis* in SCOTUS case nos. 22-5041 and 22-6544, and to reinstate these cases on the SCOTUS docket;

7) award Plaintiff costs incurred in prosecuting this suit;

8) award Plaintiff all such other and further relief as the Jury and/or Court deems just and proper.

## JURY DEMAND

Plaintiff demands full trial by jury of all legal issues so triable within this cause, and likewise demands trial by jury of all equitable issues so triable, pursuant to F.R.Cv.P. Rule 5(d), Rule 38(b), and Rule 81(c)(3), also pursuant to any applicable Local Rules of this District, pursuant to the Seventh Amendment to the

United States Constitution, further pursuant to the Texas Constitution, and also

pursuant to the provisions of any other applicable law(s).


Respectfully submitted,

Bradley B. Miller
5701 Trail Meadow Drive
Dallas, TX  75230
Tel:   (214) 923-9165
Email:   tech@bbmcs.com
Pro Se Plaintiff


Dated:  February 12, 2024


VERIFIED COMPLAINT                    22

## VERIFICATION

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.

Executed at Dallas, Texas, this _____12th_____ day of _____February_____, 2024.

_____
Bradley B. Miller

## CERTIFICATE OF SERVICE

I hereby certify: that on this _____12th_____ day of February, 2024, a true and complete copy of the above complaint has been duly served upon the following:

John G. Roberts, Jr.
United States Supreme Court Bldg.
1 First Street, NE
Washington, DC 20543

Samuel A. Alito, Jr.
United States Supreme Court Bldg.
1 First Street, NE
Washington, DC 20543

Amy Coney Barrett
United States Supreme Court Bldg.
1 First Street, NE
Washington, DC 20543

Neil Gorsuch
United States Supreme Court Bldg.
1 First Street, NE
Washington, DC 20543

Ketanji Brown Jackson
United States Supreme Court Bldg.
1 First Street, NE
Washington, DC 20543

Elena Kagan
United States Supreme Court Bldg.
1 First Street, NE
Washington, DC 20543

Brett M. Kavanaugh
United States Supreme Court Bldg.
1 First Street, NE
Washington, DC 20543

Sonia Sotomayor
United States Supreme Court Bldg.
1 First Street, NE
Washington, DC 20543

Clarence Thomas
United States Supreme Court Bldg.
1 First Street, NE
Washington, DC 20543

Bradley B. Miller

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

**Scott S. Harris**
Clerk of the Court
(202) 479-3011

October 3, 2022

Mr. Bradley B. Miller
5701 Trail Meadow Dr.
Dallas, TX  75230

      Re:  Bradley B. Miller
           v. Virginia Talley Dunn
           No. 22-5041

Dear Mr. Miller:

      The Court today entered the following order in the above-entitled case:

      The motion of petitioner for leave to proceed *in forma pauperis* is denied, and the petition for a writ of certiorari is dismissed.  See Rule 39.8.

           Sincerely,

           *Scott S. Harris*

           **Scott S. Harris**, Clerk

EXHIBIT
"A"

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

**Scott S. Harris**
Clerk of the Court
(202) 479-3011

March 20, 2023

Mr. Bradley B. Miller
5701 Trail Meadow Dr.
Dallas, TX  75230

     Re:  Bradley B. Miller
          v. Andrea Plumlee, Judge, District Court of Texas, Dallas County
          No. 22-6544

Dear Mr. Miller:

     The Court today entered the following order in the above-entitled case:

     The motion of petitioner for leave to proceed *in forma pauperis* is denied, and the petition for a writ of certiorari is dismissed.  See Rule 39.8. As the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1.  See *Martin* v. *District of Columbia Court of Appeals*, 506 U. S. 1 (1992) (*per curiam*).

                        Sincerely,

                        **Scott S. Harris**, Clerk

```
EXHIBIT
   "B"
```

JS 44   (Rev. 04/21)

## CIVIL COVER SHEET

**ORIGINAL**

**3-24CV-335-X**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Bradley B. Miller | John G. Roberts Jr., Samuel A. Alito, Jr., Amy Coney Barrett, Neil Gorsuch, Ketanji Brown Jackson, et al. |

**(b)** County of Residence of First Listed Plaintiff **Dallas County, Texas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **District of Columbia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*     **(Pro se)**
5701 Trail Meadow Dr
Dallas TX 75230   (214)-923-9165)

Attorneys *(If Known)*

FEB 12 2024

CLERK U.S. DISTRICT COURT
DISTRICT OF TEXAS

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 2   U.S. Government Defendant
- [ ] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & | Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 890 Other Statutory Actions |
| | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 893 Environmental Matters |
| 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | 448 Education | 540 Mandamus & Other | 462 Naturalization Application | | |
| | | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. §§ 2201 & 2202; 28 U.S.C. § 1331; 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988; 42 U.S.C. § 1332.
Brief description of cause:
Suit for declaratory judgment and injunctive relief regarding civil rights violations.

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE   US District Court NDTX          DOCKET NUMBER   3:20-CV-759-E (Ada Brown)

DATE
02/12/2024

SIGNATURE OF ~~ATTORNEY~~ OF RECORD
*Bradley B. Miller*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____