UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRADLEY B. MILLER,<br><br>*Plaintiff,*<br><br>v.<br><br>JOHN G. ROBERTS, *in his official capacity*, et al.,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§  Civil Action No. 3:24-CV-0335-X-BK<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

# **ORDER**

Plaintiff Bradley Miller filed this complaint and motion for temporary restraining order against the nine Supreme Court justices after the Court dismissed his "most recent" petitions and denied his request to proceed in forma pauperis.[1] The Supreme Court also instructed the clerk to "not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1."[2] Undeterred, Miller announced he is filing another petition, set to arrive February 19, 2024.

Miller's motion for temporary restraining order and complaint run headlong into judicial immunity. Miller is suing over acts the Justices took in their official capacity (and he correctly labels the suit as against them in their official capacities). But the common law and statutes grant immunity from such suits,

---

[1] Doc. 9 at 1–2.

[2] *Id.* at 2.

1

whether they be for injunctive relief or damages.[3] And Congress extended judicial immunity to injunctive and declaratory relief in its 1996 amendments to 42 U.S.C. § 1983.[4] As to temporary relief, Miller cannot show he is likely to prevail on the merits because his claims are barred by judicial immunity. As such, the Court **DENIES** Miller's motion for a temporary restraining order (Doc. 9) and **DISMISSES WITHOUT PREJUDICE** his complaint (Doc. 1).

    **IT IS SO ORDERED** this 20th day of February, 2024.

                                             _/s/ Brantley Starr_
                                             BRANTLEY STARR
                                             UNITED STATES DISTRICT JUDGE

---

[3] *See Mireles v. Waco*, 502 U.S. 9, 12–13 (1991) (per curiam) ("[T]his Court's precedents [have] acknowledge[d] that, generally, a judge is immune from a suit for money damages.").

[4] *See* Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (codified at 42 U.S.C. § 1983) ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").